UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:05-CR-45 |
| | § | |
| MICHAEL SISCO | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On October 23, 2006, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Barry Bryant. Defendant was represented by Darren Anderson.

Michael Brandon Sisco was sentenced on January 12, 2004, before The Honorable Gregory A. Presnell of the Middle District of Florida after pleading guilty to the offense of conspiracy to commit bank fraud and the offense of money laundering, a Class D and C felonies respectively. This offenses carried a statutory maximum imprisonment term of five and ten years respectively. The guideline imprisonment range, based on a total offense level of 9 and a criminal history category of I, was 4 to 10 months. Michael Brandon Sisco was subsequently sentenced to two years probation subject to the standard conditions of release, plus special conditions to include home detention for a period of 120 days, 100 hours of community service, $50,000 in restitution payable at a rate of $100 per month, and a $200 special assessment. On January 12, 2004, Michael Brandon Sisco began serving his term of probation.

On August 16, 2004 jurisdiction in this matter was transferred to the Western District of Washington. On September 17, 2004, Mr. Sisco's term of probation was revoked, and he was

sentenced to 18 days imprisonment followed by a three year term of supervised release for failing to complete his 120 days of home detention, failing to pay $100 a month towards his restitution, failing to notify the probation officer ten days prior to any change in residence or employment, and failing to submit a truthful and complete monthly report within the first five days of each month. On December 22, 2005, jurisdiction in this matter was transferred to the Eastern District of Texas and assigned to The Honorable David Folsom, U.S. District Judge.

On September 18, 2006, the instant petition to revoke was filed.  In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime.  Specifically, the Government alleges as follows. On or about September 8, 2006, in or about Cass County, Texas, Mr. Sisco committed the offense of assault by hitting Tashawn Miller in the forehead with a closed fist causing bruising and about a three inch laceration, by hitting her on the side of her face causing bruising and other lacerations, and by hitting her in various parts of the body causing harm, all in violation of Texas Penal Code § 22.01(a)(1), and punishable as a Class A misdemeanor.  It is also alleged that Mr. Sisco violated this condition on or about June 10, 2006, in or about Miller County, Arkansas, by committing the offense of battery in the third degree by head butting Ms. Miller, by punching her in the face with a closed fist, by holding Ms. Miller down and punching her in the face and body, all in violation of Title 5 Chapter 13 § 202 of the Arkansas Code, punishable as a Class A misdemeanor.

2) Defendant shall refrain from alcohol for the entire period of supervision.  Specifically, the Government alleges as follows.  On or about September 7, 2006, Mr. Sisco consumed an alcoholic beverage while at Bar C in Domino, Texas.  Additionally on this date, Ms. Miller purchased a bottle

of Tequila Black along with a two liter of coke for Mr. Sisco's consumption. In Ms. Miller's presence he consumed at least two drinks mixed with these two items. Prior to her leaving the residence on this date she left approximately 12 ounces of Tequila Black for Mr. Sisco's consumption. It is also alleged that on or about June 10, 2006, Mr. Sisco consumed alcoholic beverages while at the Electric Cowboy and a friend's house in the presence of Tashawn Miller.

3) Defendant shall refrain from any unlawful use of a controlled substance. Specifically, the Government alleges as follows. On or about September 5, 2006, Mr. Sisco smoked marijuana in the presence of Tashawn Miller. On September 6, 2006, she purchased a drink called Platinum from Smoker's Paradise for Mr. Sisco which he drank in order to mask any urine specimen he may have to give for the U.S. Probation Office on this date.

4) Defendant shall pay $50,000 in restitution at the rate of $100 per month and a $200 special assessment. Specifically, the Government alleges as follows. Mr. Sisco was instructed on April 26, 2005, and June 27, 2005, to pay $100 per month toward his restitution and special assessment. Mr. Sisco has been instructed repeatedly to make the Court-ordered payments. As of this writing, Mr. Sisco has only made two $20 payments and still owes $160 towards his special assessment and $50,000 in restitution according to the U.S. District Clerk's Office in the Middle District of Florida.

5) Defendant shall perform 100 hours of community service as directed by his probation officer. Specifically, the Government alleges as follows. Since June 3, 2005, Mr. Sisco has been instructed to complete at least 5 hours per week of community service work; however, he has failed to do so and has only completed 55 hours of verified community service work as of this writing.

The Court scheduled a revocation hearing October 23, 2006. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true

to the second, fourth, and fifth allegations as set forth above. The Government withdrew the other two allegations. Based upon Defendant's plea of true to the second, fourth, and fifth allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in Counts 2, 4, and 5 of the U.S. Probation Office's violation petition.

The Court further recommended that the judgment of the Court be that Mr. Sisco be allowed to remain on supervised release and his terms be modified to include the following conditions: The defendant shall participate in a program of testing and treatment for alcohol and/or drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, mental health, or anger management treatment as deemed appropriate by the treatment provider. The defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is not to pay the cost associated with his program of electronic monitoring. The defendant shall have no contact with Tashawn Miller in person, writing or any other form of communication. Additionally, if both are present in the same public area at the same time, the defendant will be required to leave immediately.

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the second, fourth, and fifth allegations as set forth in the Government's petition be **ACCEPTED**.  Further, it is

**RECOMMENDED** that Defendant be allowed to remain on supervised release and that his terms be modified to include the conditions set forth above.

The parties were informed of the right to file objections to the recommendations as set forth above.  Both parties waived their objections.

**SIGNED this 23rd day of October, 2006.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE