UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:05-CR-45 |
| | § | |
| MICHAEL SISCO | § | |

**MEMORANDUM ORDER**

The above-entitled and numbered criminal action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Both parties waived their right to file objections to the Report and Recommendation. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's plea of true to the second, fourth, and fifth allegations as set forth in the Government's petition is **ACCEPTED**. Further, it is

**ORDERED** that Defendant shall remain on supervised release. Further, it is

**ORDERED** that Defendant's terms are modified to include the following conditions: Defendant shall participate in a program of testing and treatment for alcohol and/or drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, mental health, or anger management treatment as deemed appropriate by the treatment provider. Defendant shall be placed on home detention for a period not to exceed 180 days, to commence

immediately. During this time, Defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. Defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant is not to pay the cost associated with his program of electronic monitoring. Defendant shall have no contact with Tashawn Miller in person, writing or any other form of communication. Additionally, if both are present in the same public area at the same time, Defendant will be required to leave immediately.

**SIGNED this 25th day of October, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE